UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO FLORES VERA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-90 |
| § | |
| SANDRA EASTWOOD, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF DISMISSAL

Plaintiff Antonio Flores Vera, a Texas inmate, appearing *pro se*, filed a Prisoner Civil Rights Complaint on March 11, 2016. (D.E. 1). Pending is Plaintiff's motion to proceed *in forma pauperis* ("i.f.p."). (D.E. 2). Plaintiff is a "three-strikes litigant" as that term is defined in 28 U.S.C. § 1915(g), and as such, he has lost the privilege of proceeding i.f.p. unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Plaintiff must pay the full filing fee to proceed as he is ineligible to proceed i.f.p.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule

provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least four prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Vera v. Bd. of Judges*, No. 2:07-cv-51 (S.D. Tex. Mar. 14, 2007)(final judgment); *Vera v. Tex.*, No. 2:08-cv-50 (S.D. Tex. Mar. 10, 2008)(final judgment); *Vera v. Martin*, No. 1:00-cv-380 (W.D. Tex. Sept. 20, 2000)(final judgment); and *Vera v. Martin*, No. 00-51176 (5th Cir. June 11, 2001)(judgment). Further, Plaintiff has been barred by the Fifth Circuit from proceeding i.f.p. while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *Vera v. Bd. of Judges of the Judicial Dist. of Nueces Cty.*, No. 07-40300 (5th Cir. Dec. 21, 2007)(opinion). On March 11, 2016, this Court denied Plaintiff's motion to proceed i.f.p. in a similar case where Plaintiff attempted to sue the former Nueces County District Attorney, a state court investigator and Magistrate Judge Owsley. *See Vera v. Valdez*, No. 2:16-cv-43 (S.D. Tex. Mar. 11, 2016)(order of dismissal). Therefore, Plaintiff is barred from filing this civil suit i.f.p. unless he is in imminent danger of physical injury.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be

imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius,* 618 F.3d 162, 170 (2nd Cir. 2010) (quoting *Ciarpaglini,* 352 F.3d at 331); *accord Andrews v. Cervantes,* 493 F.3d 1047, 1057 n. 11 (9th Cir. 2007).

In his original complaint, Plaintiff alleges that Nueces County Assistant District Attorney Sandra Eastwood and attorney Juan Gonzales breached an unspecified duty to Plaintiff apparently in connection with his prosecution. Plaintiff also alleges former United States Magistrate Judge Brian Owsley abused his office in recommending the dismissal of Plaintiff's civil rights actions filed in this Court.

There is no indication Plaintiff is exposed to imminent danger of serious injury. Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Therefore, Plaintiff is not eligible to proceed to i.f.p. and his complaint should be **DISMISSED**. Plaintiff may move to reinstate this action within thirty (30) days of the date of the entry of this Order, but only if the appropriate filing fee is paid simultaneously with the motion to reinstate. The Clerk of Court is directed to send a copy of this Order

to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Lori Stover.

It is so ORDERED.

SIGNED this 15th day of March, 2016.

_____
Hilda Tagle
Senior United States District Judge